```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARY BLOW PREVOST                          CIVIL ACTION

VERSUS                                     NO: 07-5994

ALLSTATE INSURANCE COMPANY                 SECTION: J(1)
```

**ORDER AND REASONS**

Before the Court is Plaintiff Mary Blow Prevost's **Motion to Remand and for Attorney's Fees (Rec. Doc. 6)**. This motion, which is opposed, is set for hearing on December 12, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted in part and denied in part.

### Background Facts

This action arises out of damages sustained during Hurricane Katrina. Plaintiff filed suit against Allstate Insurance Company in Civil District Court for the Parish of Orleans, State of Louisiana on December 5, 2007, alleging breach of contract and seeking statutory penalties and attorneys fees.

Defendant thereafter filed a notice of removal. Plaintiff now seeks to remand the case to state court.

## **The Parties' Arguments**

The parties agree that diversity jurisdiction exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiff contends that the amount in controversy does not exceed $75,000. The only evidence Defendant produces in support of removal indicates that Plaintiff's policy limit for contents is $81,200. According to Plaintiff, however, while she is making a claim for loss of contents, additional living expenses, and for statutory penalties, that claim does not amount to the full value of the policy limits.

Furthermore, Defendant's reliance on Plaintiff's cause of action for statutory penalties and attorney's fees to help support the jurisdictional amount is not sufficient to prove jurisdiction exists. According to Plaintiff, such allegations are merely conclusory in nature and cannot support removal. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

Plaintiff also states that she is entitled to an award of attorney's fees based upon Defendant's improper removal pursuant to 28 U.S. C. 1447(c) since Defendant has come forward with nothing to indicate that removal is proper.

Defendant counters that it is facially apparent from Plaintiff's petition that Plaintiff's claims are likely to exceed $75,000. Alternatively, Defendant states that Plaintiff's petition, in combination with her demands and receipts, show that she is seeking well over $75,000 in damages. According to the

demands made thus far, evidence of which Allstate attaches to its opposition, Plaintiff has sought approximately $70,000 from Allstate.[1]  These contractual amounts, combined with attorney's fees and penalties sought by Plaintiff are likely to exceed $75,000.

## Discussion

**A.  Jurisdiction**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aguilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

---

[1] Plaintiff demands over $49,000 in dwelling coverage involving dwelling repair, approximately $19,000 in contents coverage, and over $1,500 in additional living expenses.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant must do more than point to a state law that might allow a plaintiff to recover more than she pled.  Id.  The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

In its opposition, Defendant claims the amount in controversy, per Plaintiff's own petition, exceeds $75,000. However, Plaintiff's petition, in accordance with Louisiana laws, does not state *any* damage amounts; therefore, it is unclear how Defendant arrives at this conclusion.  Furthermore, in both her petition and her motion to remand, Plaintiff does not claim that she is entitled to the full value of the insurance policy. Therefore, it is not facially apparent from the petition that the $75,000 amount in controversy requirement is met.  See Franklin v. State Farm Ins. Co., No. 06-5858, 2006 WL 2925513, *3 (E.D. La. Oct. 10, 2006).

Defendant's attempts to present evidence showing that the demands made by Plaintiff to date total nearly $70,000 also prove unsuccessful.  In her petition and in her motion, Plaintiff states that she is making a claim only for "loss of contents and additional living expenses and for statutory penalties owed." Therefore, any attempt by Defendant to include the $49,000 in dwelling coverage demanded by Plaintiff should not be considered

by this Court.

Furthermore, the fact that Plaintiff is also seeking attorney's fees and penalties under La. Rev. Stat. §§ 22:1220 and 22:658 does not satisfy the jurisdictional amount of $75,000. Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220.  However, a plaintiff must show proof of actual damages arising from the breach to recover any more than $5,000.  See <u>Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.</u>, 67 F.3d 70, 75 (5th Cir.1995).

Plaintiff here does not allege in her petition an amount or type of damages, if any, that she sustained from Allstate's breach.  Furthermore, Allstate provides no summary judgment type evidence to show that Plaintiff could recover more than $5,000 for damages arising from its alleged breach of contract.  A similar result is obtained under section 22:658.  See, e.g., <u>Licata v. State Farm Fire & Cas. Co.</u>, 2007 WL 716597, *1-2 (E.D. La. March 6, 2007).

As a result, Defendant has presented no evidence that supports a finding that Plaintiff's claims exceed $75,000. Therefore, this Court lacks diversity jurisdiction over this matter.

**B.   Attorney's Fees**

Under 28 U.S.C. 1447(c), a district court has discretion to

award costs and expenses, including attorney's fees, incurred as a result of the removal. In exercising its discretion to impose such fees, courts are to consider the propriety of a defendant's removal. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

This Court does not find that any lack of federal removal jurisdiction in this case is so obvious as to warrant an award of attorney's fees and expenses. Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 6)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Attorney's Fees (Rec. Doc. 6)** is hereby **DENIED.**

New Orleans, Louisiana, this 12th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE